IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ED ITE CHEN, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-598-RGA |
| RICARDO SAGRERA, et al., | : | |
| Defendants. | : | |

Ed Ite Chen, Township of Washington, New Jersey. *Pro Se* Plaintiff.

Roger Kirby, New York, New York. *Pro Se* Defendant.

**MEMORANDUM OPINION**

October _____, 2015
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Ed Ite Chen appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). Plaintiff filed his initial complaint on July 14, 2015, followed by a first amended complaint on September 3, 2015. (D.I. 2, 6). He asserts jurisdiction by reason of diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The Court proceeds to review and screen the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Named as Defendants are Ricardo Sagrera, Roger Kirby, and Thomas Godfroy, all directors of Viceroy Chemical, Inc., a Delaware corporation. Plaintiff and Kirby recently filed a stipulation to dismiss the complaint, as amended, against Kirby. (D.I. 12). Kirby also requests that certain language be stricken from page four of the First Amended Complaint (D.I. 6) as impertinent or scandalous pursuant to Fed. R. Civ. P. 12(f). (D.I. 13). Kirby advises that Plaintiff does not oppose striking the language.

The First Amended Complaint is fourteen single-spaced pages. It contains a mix or relevant and irrelevant allegations. The allegations that appear to be relevant are nevertheless hard to follow. Thus, while not entirely clear, the claims seem to center around Plaintiff's displeasure with corporate accounting practices, stock valuation, ownership of intellectual property, and compensation. The First Amended Complaint contains three counts.[1] Count one alleges Defendants breached their fiduciary duty and "should not be protected by the business [judgment] rule." Thus, the first count at times sounds as though Plaintiff is attempting to bring a derivative action on behalf of the corporation. Yet, he also seeks personal damages of $2,300,000. Count two alleges Defendants tortiously interfered with prospective business relations that undermined Plaintiff's business reputation with his fiancée and her family. Plaintiff

---

[1] The original complaint contained four counts, including a conversion count. (D.I. 2). The conversion count is not included in the First Amended Complaint. The Court considers the First Amended Complaint as the operative pleading.

1

claims the family would no longer invest with him as a result. Count Three alleges Defendants tortiously interfered with prospective business relations, resulting in a Dubai investor choosing not to invest $1,000,000, with him. Chen seeks compensatory and punitive damages and declaratory and injunctive relief.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious [or] fails to state a claim upon which relief may be granted." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his First Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a

complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson*, 135 S.Ct. at 346.

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To the extent that Chen seeks to recover damages on behalf of his fiancée in any of the counts, he lacks standing to do so. The constitutional and prudential components of standing must be satisfied before a litigant may seek redress in a federal court. *UPS Worldwide Forwarding, Inc. v. United States Postal Serv.*, 66 F.3d 621, 625 (3d Cir. 1995). Three components comprise the "irreducible constitutional minimum of standing": an "injury in fact" that is concrete and particularized and actual or imminent; a causal connection between the injury and the complained-of conduct; and a likely, not speculative, redressability of the injury through a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Prudential standing requires that a litigant assert his or her own legal rights and not rely on the rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In applying these

concepts to the allegations in the First Amended Complaint, the Court concludes that Chen lacks standing to raise claims and seek recovery of damages on behalf of his fiancée.[2] *See id.*; *see also* 28 U.S.C. § 1654; *Hill ex rel. Hill v. Pennsylvania Dep't of Corr.*, 521 F. App'x 39, 40-41 (3d Cir. 2013).

The First Amended Complaint is not a model of clarity. For example, the First Amended Complaint alleges that Defendants are directors of a Delaware Corporation, but the First Amended Complaint does not identify Viceroy Chemical's principal place of business or where Defendants allegedly committed wrongful acts. This is a concern given that Chen asserts jurisdiction by reason of diversity and, due to the lack of clarity, the Court cannot identify the applicable state law. For the breach of fiduciary duty claims, what is the basis for saying Defendants owed a fiduciary duty to Plaintiff?

In addition, Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(1), (2). *See also Twombly*, 550 U.S. at 573. Each averment must be "simple, concise, and direct." *Id.* at 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re: Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). As currently pled, the First Amended Complaint requires Defendants to guess what, of the many things discussed, constitute actionable wrongs and, therefore, it does not satisfy Rule 8.

Accordingly, the First Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. However, since it appears plausible that Chen may be able to articulate a claim or claims against a defendant or

---

[2] Since Chen is not a lawyer, he also cannot represent her.

defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). Should Plaintiff opt to amend, he shall not include the language in page 4 of the First Amended Complaint that he and Kirby agreed should be stricken. The court will deny as moot Kirby's request to strike. All claims against Kirby are dismissed pursuant to the Stipulation to Dismiss Complaint entered into between Plaintiff and Kirby. (D.I. 12).

An appropriate order will be entered.